IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANY ALEXANDER, *et al.*,<br>*Plaintiffs*.<br><br>VS<br><br><br>SUGAR FACTORY, LLC and<br>SFX HOUSTON 88, LLC,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-25-09 |

## DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

TO THE HONORABLE JUDGE OF SAID COURT:

SFX Houston 88, LLC and Sugar Factory LLC[1] ("Defendants") file this Unopposed Motion to Set Aside the Clerk's Entry of Default (Dkt. #19) and would respectfully show the court:

### I.   INTRODUCTION

1. Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, Defendants move this Court for an order setting aside the entry of default (Dkt. No. 19). Good cause exists to set aside the default because (i) setting aside the default will not prejudice Plaintiffs (ii) the default was not willful; and (iii) Defendants have multiple meritorious defenses to the claims asserted by Plaintiffs in this lawsuit. Thus, Fifth Circuit case law supports setting the default aside and deciding this case on the merits.

---

[1] SFX Houston 88 LLC was the Plaintiffs' employer at all relevant times. Sugar Factory, LLC was improperly named as a Defendant and has never been the employing entity for any of the Plaintiffs.

2. Defendants, the Sugar Factory, LLC and SFX Houston 88, LLC ("Defendants") were named in a complaint filed by Plaintiff, Brittany Alexander, Mehki Alexander, and other similarly situated individuals ("Plaintiffs"), alleging Defendants violated the Fair Labor Standards Act (FLSA). (Dkt. #1).

3. On January 3, 2025, a summons was issued as to Defendants. (Dkt. #7).

4. On or around January 23, 2025, Plaintiff served notice of this matter on Defendant's registered agent. (Dkt. #16).

5. On February 28, 2025, Plaintiffs filed a Request for Entry of Default against Defendants, (Dkt. #18).

6. On March 21, 2025, Defendants contacted Plaintiffs' counsel and Plaintiffs' counsel provided Defendant with a settlement demand. Defendants notified Plaintiffs' counsel that they have contacted their insurance carrier to retain counsel and make an appearance in the case.

7. On March 24, 2025, Plaintiffs' counsel provided Defendants with alleged damage calculations in support of Plaintiffs' settlement demand and offered to agree to an extension of Defendants' response deadline and for the parties Joint Management Plan.

8. On March 27, 2025, the Court entered Clerks Entry of Default against Defendants. (Dkt. #19).

9. Defendants have been diligently attempting to engage with their insurance carrier, to receive confirmation of coverage from the carrier, obtain approval for retention of counsel, and have approved counsel file a responsive pleading to protect their interests.

10. Upon learning that their insurance carrier would not be assigning counsel, Defendants retained the undersigned as their own counsel in this matter.

11. Defendants' counsel met and conferred with Plaintiffs' counsel and the parties are engaged in settlement discussions.

12. Plaintiffs' counsel does not oppose Defendants' Motion to Set Aside the Clerk's Entry of Default.

13. Defendants move this Honorable court for an order to set aside the Clerk's Entry of Default pursuant to FRCP Rule 55 (c) on the basis that Defendants' failure to answer was not willful, Defendants have meritorious defenses, and setting aside the clerk's entry of default will not prejudice Plaintiffs, who do not oppose the motion.

## II.    LAW AND ARGUMENT

14. The Fifth Circuit Court of Appeals has adopted a policy in favor of resolving cases on the merits and against the use of default judgment. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). A court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c); 60(b). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally." *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000).

15. Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.)). Default judgments are a drastic remedy, not favored by the Federal Rules and only resorted to by the courts in extreme situations. *Sun Bank of*

*Ocala v. Pelican Homestead & Sav. Assan*, 874 F.2d 274, 276 (5th Cir. 1989). "Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy*, 227 F.3d at 292 (quoting Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960)).

16. Defendant's failure to answer was not willful. The Fifth Circuit has held that the question of whether a party in default's conduct is willful or intentional turns in large part on whether it appears he or she chose to play games with the court by failing to timely participate in the litigation. *See Lacy*, 227 F.3d 290, 292 (5th Cir. 2000) (holding that there was no willfulness because defendant's failure to act on the litigation was not a deliberate choice to "'play games' with the district court").

17. Defendants were not "playing games" with the court in this case. Due to Defendant's reasonable belief that the company's insurance company would be responding to the Complaint on their behalf, the company failed to previously file its response to Plaintiffs' complaint.

18. Defendant attests that the default was not willful. Immediately upon learning that the insurer had not filed a response and was refusing to retain counsel on Defendants' behalf, Defendant retained the undersigned counsel who promptly contacted counsel for Plaintiffs. The parties are engaged in settlement discussions and Plaintiffs do not to oppose this motion.

19. Plaintiffs will not be prejudiced by setting aside the default. There is no prejudice when "the setting aside of the default [does] no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Mere delay is not enough; rather, the party requesting a

default judgment must show that "the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id*. (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Plaintiffs have not asserted that it will be prejudiced by setting aside the default judgment and do not oppose this motion to set aside.

20. Defendants have meritorious defenses. In deciding whether a meritorious defense exists, the Court considers "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Scott v. Carpanzano*, 556 F. App'x 288, 296 (5th Cir. 2014). Defendant denies all claims asserted against it in Plaintiffs Complaint (Dkt. #1). Defendants documents and records show that Plaintiffs were paid properly and Defendants did not violate the law with respect to compensating Plaintiffs.

21. In light of the current state of the litigation, the existence of meritorious defenses, the lack of prejudice to plaintiff, and that a default judgment would produce a harsh or unfair result, this motion to set aside the Clerk's Entry of Default should be granted.

### III.  PRAYER

WHEREFORE, Defendants pray that the premises considered this FRCP Rule 55(c) Motion to Set Aside Clerk's Entry of Default be granted, the Clerk's Entry of Default be set aside and vacated.

Respectfully submitted,

*/s/ John D. Bosco*
JOHN D. BOSCO
State Bar No. 24045533
john@boscobless.com

> BRIDGET RODDY
> DC Bar Number 90013815
> **BOSCO BLESS PLLC**
> 13101 Preston Road
> Suite 110 #3663
> Dallas, TX 75240
> Telephone: (214) 997-4434
> Facsimile: (214) 237-4474

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

 The undersigned attorney certifies that on May 7, 2025, a true and correct copy of the above and foregoing document has been filed by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

> /s/ *John D. Bosco*
> John D. Bosco