IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANY ALEXANDER, *et al.*, | § | |
|     *Plaintiffs*. | § | |
| | § | |
| VS | § | CIVIL ACTION NO. 4:25-cv-9 |
| | § | |
| SUGAR FACTORY, LLC and | § | |
| SFX HOUSTON 88, LLC, | § | |
|     *Defendants*. | § | |

## DEFENDANTS' ORIGINAL ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants, Sugar Factory, LLC and SFX Houston 88, LLC[1] (collectively, "Defendants"), by and through their undersigned counsel, hereby file their Original Answer to Plaintiffs' Complaint, state their defenses thereto, and would respectfully show the Court as follows:

## ANSWER

1. The First numbered Paragraph purports to describe Plaintiffs' view of the nature of this action, to which no response is required. Further answering, Defendants only admit that Brittany Alexander and Mehki Alexander are former employees of SFX Houston 88, LLC, in Houston, Texas. Defendants admit Plaintiffs have brought this suit under the Fair Labor Standards Act ("FLSA"). To the extent Paragraph 1 of the Complaint contains legal conclusions, no response is necessary. Defendants deny that they are liable to Plaintiffs in any way of that Plaintiffs are entitled to any of the relief requested. Defendants deny any remaining allegations contained in Paragraph 1.

---

[1] 1 SFX Houston 88 LLC was the Plaintiffs' employer at all relevant times. Sugar Factory, LLC is improperly named as a Defendant, has never been the employing entity for any of the Plaintiffs, and should not be a party to this lawsuit.

## JURISDICTION AND VENUE

2. Paragraph 2 sets forth a conclusion of jurisdiction and does not contain factual allegations requiring a response.

3. Paragraph 3 sets forth conclusions of law and/or jurisdiction and does not contain factual allegations requiring a response. To the extent a response is required, Defendants deny the allegations in the Paragraph.

## PARTIES

4. Defendants are without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiffs' Complaint. Defendants admit that written consent forms are attached to Plaintiffs' Complaint.

5. Defendants deny that Plaintiffs were employed by Sugar Factory, LLC. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 5 of Plaintiffs' Complaint, and therefore deny same.

6. Defendants deny that Plaintiffs were employed by Sugar Factory, LLC. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 6 of Plaintiffs' Complaint, and therefore deny same.

7. Paragraph 7 sets forth conclusions of law and does not contain factual allegations requiring a response. To the extent a response is required, Defendants deny that the Sugar Factory, LLC, ever employed Plaintiffs.

8. Defendants admit that Sugar Factory, LLC is a Nevada corporation, headquartered in Las Vegas. Sugar Factory, LLC does not own or operate the Houston Galleria mall location. SFX Houston 88 is a licensee-operator. Sugar Factory, LLC never employed Plaintiffs and is not a proper party Defendant. Any remaining allegations are denied.

9. Defendants admit.

10. Defendants deny.

11. Defendants admit that the website – www.sugarfactory.com – listed the Houston location. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 11 of Plaintiffs' Complaint, and therefore deny same.

12. Defendants deny.

13. Defendants admit.

14. Defendants admit.

15. Defendants deny.

## FACTS

16. Defendants deny.

17. Defendants are without sufficient information to admit or deny the allegations in Paragraph 17 of Plaintiffs' Complaint, and therefore deny same.

18. Defendants deny.

19. Defendants deny.

20. Defendants deny.

21. Defendants deny.

22. Defendants deny.

23. Defendants deny.

24. Defendants admit.

25. Defendants are without sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiffs' Complaint, and therefore deny same.

26. Defendants deny.

27. Defendants deny.

28. Defendants deny.

29. Defendants deny.

30. Defendants deny.

31. Defendants deny.

32. Defendants deny.

33. Defendants are without sufficient information to admit or deny the allegations in Paragraph 33 of Plaintiffs' Complaint, and therefore deny same.

34. Defendants deny.

35. Defendants deny.

36. Defendants are without knowledge or sufficient information to admit or deny the allegations in Paragraph 36 of Plaintiffs' Complaint, and therefore deny same.

37. Defendants are without knowledge or sufficient information to admit or deny the allegations in Paragraph 37 of Plaintiffs' Complaint, and therefore deny same.

## COUNT 1

38. Defendants restate and reallege their answers to Paragraphs 1 through 37 as if fully stated for the herein.

39. Defendants admit.

40. To the extent Paragraph 40 of the Complaint contains legal conclusions under the FLSA, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 40.

41. To the extent Paragraph 41 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 41.

42. To the extent Paragraph 42 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 42.

43. To the extent Paragraph 43 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 43.

44. To the extent Paragraph 44 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 44.

45. To the extent Paragraph 45 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 45.

## COUNT II

46. Defendants restate and reallege their answers to Paragraphs 1 through 45 as if fully set for the herein.

47. To the extent Paragraph 47 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 47.

48. To the extent Paragraph 48 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 48.

49. To the extent Paragraph 49 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 49.

50. To the extent Paragraph 50 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 50.

51. To the extent Paragraph 51 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 51.

52. Defendants deny.

53. Defendants deny.

54. Defendants deny.

55. Defendants are without sufficient information to admit or deny the allegations in Paragraph 55 of Plaintiffs' Complaint.

## COUNT III

56. Defendants restate and reallege their answers to Paragraphs 1 through 55 as if fully set forth herein.

57. To the extent Paragraph 57 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remining allegations contained in Paragraph 57.

58. Defendants deny.

59. Defendants deny.

60. Defendants deny.

61. To the extent Paragraph 61 of the Complaint contains legal conclusions, no response is necessary. Defendants deny any remaining allegations contained in Paragraph 61.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief sought in the Paragraph tiled "Prayer for Relief" and subparagraphs (a) through (h) thereof, and deny that Plaintiffs are entitled to any relief whatsoever.

## JURY DEMAND

Defendants only admit that Plaintiffs seek a trial by jury. Defendants deny that a jury trial is appropriate for all of the issues raised in the Complaint.

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendants pray that Plaintiffs' Complaint be dismissed in its entirety with prejudice, that Defendants be awarded their

costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law, and that the Court award such other and fair relief as is just and proper.

## AFFIRMATIVE DEFENSES

Without admitting that they have the burden of proving any of the following matters, the Defendants allege the following affirmative defenses. The Defendants expressly preserve and assert all affirmative defenses available under applicable law. The Defendants reserve their right to supplement this Answer and Affirmative Defenses to assert such additional defenses in the event that discovery or other means indicate that additional affirmative defenses would be appropriate.

1. Defendant Sugar Factory, LLC is an improper party, because Sugar Factory, LLC did not employ Plaintiffs.

2. The Complaint and each of the purported causes of action set forth therein fail to state facts sufficient to constitute a cause of action against Defendants and fail to state a claim upon which relief may be granted.

3. Plaintiffs' claims are barred in whole or part to the extent that Plaintiffs never complained, stated, or otherwise provided notice that they believed the method of compensation was improper during their employment.

4. The Complaint is barred, in whole or in part, because Defendants acted in conformity with and in reliance on written administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Division of the United States Department of Labor and because they acted in good faith, with reasonable grounds to believe they were not violating the Fair Labor Standards Act of 1938.

5. Any claims for compensation by Plaintiffs and the alleged class or group of persons that Plaintiffs purport to represent, the existence of which is expressly denied, must be offset by any premium compensation, overpayments, bonuses of any type, compensatory time off, or other benefits paid or provided, including a reduction for any compensation already paid for periods not compensable under the FLSA.

6. The Complaint is barred, in whole or in part, because the Plaintiffs have failed to exhaust required administrative remedies and arbitration.

7. Some or all of the claims asserted in the Complaint are or may become barred by evidence of the wrongdoing of Plaintiffs or members of the group of persons Plaintiffs purport to represent, the existence of which is expressly denied.

8. Some of or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

9. Plaintiffs' claims, and the claims of any alleged class or group of persons that the Plaintiffs purport to represent, the existence of which is expressly denied, are barred by the doctrine of payment and/or accord and satisfaction because the Plaintiffs and/or the group of individuals have already received all the compensation to which they are entitled under the Fair Labor Standards Act.

10. Plaintiffs' claims, and the claims of any alleged class or group of persons that the Plaintiffs purport to represent, the existence of which is expressly denied, are barred to the extent that Plaintiffs and/or the group of individuals were at all times compensated in excess of the applicable minimum wage.

11. Collective certification of a class is inappropriate. Plaintiffs fail to assert any facts regarding the job duties, titles, or payment provisions for the alleged similarly situated employees and thus cannot establish the existence of a proper class.

12. Plaintiffs' claims are barred in whole or in part because Defendants at all relevant times acted in good faith and in compliance with all applicable provisions of the Fair Labor Standards Act, including those related to tip pooling and tip credit.

13. Any tip pool operated by Defendants was valid under the FLSA because it included only eligible employees in its tip pool and no improper participants, including managers or back-of-house staff, were included, in compliance with 29 C.F.R. § 531.59(b).

14. Defendants acted in good faith, had reasonable grounds, to believe that they were in compliance with the FLSA and any violation, if any occurred, was not done willfully. As such, Plaintiffs are not entitled to liquidated damages.

15. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations under 29 U.S.C. § 255(a).

16. Any alleged violation of the FLSA was not willful, and therefore, the two-year statute of limitations applies.

17. Some or all of the claims in the Complaint are barred because even if any of the alleged harms did occur, which is specifically denied, neither Plaintiffs nor members of the group of persons Plaintiffs purports to represent, the existence of which is expressly denied, suffered any injury resulting directly or proximately therefrom.

18. To the extent Plaintiffs were paid amounts that exceed the required minimum wage and/or overtime, Defendants are entitled to a credit or offset for those payments.

19. Any alleged unpaid wages are de minimis and therefore not compensable under the FLSA.

20. The Complaint is barred, in or whole or in part, because Plaintiffs did not suffer any actual damages or economic loss as a result of any conduct alleged in the Complaint.

21. The Complaint is barred, in or whole or in part, because Plaintiffs have failed to take reasonable steps to mitigate any alleged damages.

22. Plaintiffs voluntarily participated in the tip pool and was aware of the terms and structure of the pooling arrangement.

23. Defendants were not and are not joint employers of Plaintiffs or any putative class members.

24. Collective or class action certification is inappropriate because litigation and/or trial of the asserted claims would be unmanageable as a collective or class action.

25. Plaintiffs cannot maintain this action as a collective or class action because Plaintiffs are not proper or adequate representatives of the alleged class.

26. Plaintiffs' claims cannot and should not be maintained as a class and/or collective action because certain of Plaintiffs' interests are in conflict with the interests of all or certain members of the alleged group of persons Plaintiffs purport to represent, the existence of which is expressly denied.

27. Plaintiffs' claims cannot and should not be maintained as a class and/or collective action because the certification and trial of this case as a class and/or collective action would violate Defendants' rights under the Seventh Amendment to the United States Constitution.

28. Plaintiffs are inadequate representatives of the alleged group of persons Plaintiffs purport to represent, the existence of which is expressly denied.

29. Collective or class action certification is inappropriate because Plaintiffs cannot demonstrate that a collective action or class action is superior to other means of adjudication.

30. Plaintiffs' claims cannot and should not be maintained as a class and/or collective action because each of the claims fails to meet the requirements for a class and/or collective action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or the Fair Labor Standards Act, 29 U.S.C. § 216(b).

31. The alleged class or group of persons that the Plaintiffs purport to represent, the existence of which is expressly denied, cannot be represented in this action to the extent the members of the alleged class have failed to abide by the specific "opt-in" requirements of the Fair Labor Standards Act.

32. The Complaint, and each purported claim therein, is barred to the extent that the claims alleged by the Plaintiffs are neither common to, nor typical of, those of any class or group of persons the Plaintiffs purport to represent.

33. Collective or class action certification is inappropriate because common questions of law or fact do not predominate over questions affecting individual members, because, *inter alia*, the job duties and titles, work conditions, locations, hours worked, and methods of payment must be individually determined.

34. The damages claimed by Plaintiffs and/or members of the alleged group Plaintiffs purport to represent, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

35. Defendants are entitled to recoupment with respect to any damages allegedly suffered by Plaintiffs or by members of the group of persons Plaintiffs purport to represent, the existence of which is expressly denied.

36. Plaintiffs' claims are wholly insubstantial, frivolous and not advanced in good faith. As a result, Defendants will, at the appropriate time, move for an Order granting the costs and expenses associated with the defense of this meritless action, including reasonable attorneys' fees.

37. The Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendants to ascertain what other defenses may exist.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses that may become known during the course of discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that the Complaint be dismissed with prejudice, that Judgment be entered in favor of Defendants, Plaintiffs take nothing by reason of this action, that Defendants be awarded costs of court, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**BOSCO BLESS PLLC**

By: */s/ John D. Bosco*
John D. Bosco
TX Bar Number 24045533
13101 Preston Road, Suite 110 #3663
Dallas, Texas 75240

Telephone: 214.997.4434
john@boscobless.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on July 13, 2025 a true and correct copy of the above and foregoing document has been filed by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ *John D. Bosco*
John D. Bosco