# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| BRITTANY ALEXANDER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUGAR FACTORY, LLC and SFX HOUSTON 88 LLC,<br><br>Defendants. | Civil Action No. 4:25-cv-9 |

**NOTICE OF FLSA LAWSUIT AGAINST SUGAR**
**FACTORY, LLC AND SFX HOUSTON 88, LLC**

**TO:    All current and former Servers and/or Bartenders at the Sugar Factory location in Houston who have been employed for any workweek since June 1, 2024**

**1.      INTRODUCTION**

The purpose of this Notice is to: (1) inform you of the existence of a lawsuit that you may be interested in joining; (2) advise you of how your rights may be affected by this lawsuit; (3) instruct you on the procedure for joining this lawsuit, should you choose to do so.

**2.      DESCRIPTION OF THE LAWSUIT**

Two Servers and Bartenders employed by Sugar Factory, LLC and/or SFX Houston 88, LLC (collectively, "Defendants" or "Sugar Factory") at their Houston location have sued Defendants on behalf of themselves and all other similarly situated Servers and Bartenders to recover unpaid minimum wages, unpaid overtime, and unlawfully retained tips that they allege Defendants improperly paid and withheld in violation of the Fair Labor Standards Act (FLSA). To date, six other Servers and/or Bartenders have joined the lawsuit.

Plaintiffs allege that Defendants violated the FLSA because, while working as Servers and/or Bartenders, they were not paid the required minimum wage for all hours worked, they were not paid the required overtime wage for hours worked over 40 in a workweek, and they were not always paid their wages in a timely manner as required under the FLSA. Additionally, Defendants took the tip credit against the minimum wage and required Servers and Bartenders to participate in a mandatory tip pool. Back-of-house employees, like dishwashers, were included in the tip pool, as well as managerial employees. This violates the FLSA's requirement that "[a]n employer may

1

not keep tips received by its employees for any purposes including allowing managers or supervisors to keep any portion of the employees' tips[,]" 29 U.S.C. § 203(m)(2)(B). Additionally, a tip pool must be limited to employees who customarily and regularly receive tips" when the employer takes a tip credit. 29 C.F.R. § 531.54(c)(1)

Plaintiffs seek backpay from Defendants in the amount all unpaid minimum and overtime wages, and liquidated damages for the delayed payment of wages. Plaintiffs also seek backpay in the form of all tips distributed to managerial employees, and a repayment of the full minimum wage for all hours worked when Defendants improperly took the tip credit against the minimum wage. Plaintiffs seek damages going back to June 1, 2024. Plaintiffs also seek from Defendants an additional equal amount as liquidated damages. In addition, Plaintiffs seek reasonable attorneys' fees and costs. Defendants deny Plaintiffs' claims.

This lawsuit is currently in the early pretrial stage and is pending in the United States District Court for the Southern District of Texas.

**3.    COMPOSITION OF THE COLLECTIVE**

Plaintiffs seek to sue on behalf of themselves and all current and former employees of Defendants who have been employed by Defendants as Servers and/or Bartenders at the Sugar Factory location in Houston during any workweek since June 1, 2024.

**4.    YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT**

If you have worked at the Houston Sugar Factory location as a Server and/or Bartender since June 1, 2024, you may join this lawsuit. Because this lawsuit is a collective action under the FLSA, those persons that meet the definition of the above collective **are not** automatically included in the lawsuit against Defendants. To be included in this lawsuit, **you must opt-in.**

**You can join this lawsuit by completing the Consent to Join Form at [URL]. Or, you can complete and return the attached Consent to Join form by mail in the pre-paid self -addressed envelope, or by email to info@mselaborlaw.com, or by fax to (202) 452-1090.**

**If mailed, the Consent to Join form must be postmarked by [Date 90 Days After Notice Issues] and sent to McGillivary Steele Elkin LLP, 1101 Vermont Avenue, NW, Suite 1000, Washington DC 20005. If emailed or signed electronically, the consent to Join Form must be received by Plaintiffs' counsel by [Date 90 Days after Notice Issues**

**If you fail to return the "Consent to Join" form so that it is not returned electronically or postmarked by [Date 90 Days After Notice Issues], you will not be included in this lawsuit.**

**5.    EFFECT OF JOINING THIS LAWSUIT**

If you choose to join the lawsuit, you will be bound by the Court judgment or settlement of the parties involved. The attorneys for the collective are being paid on a contingency fee basis, which means that if there is no recovery, you will not have to pay an attorneys' fee. If there is a

recovery, the attorneys for the collective will be paid a portion of the settlement obtained or money judgment awarded by the jury or the Court.

By joining this lawsuit, you will designate individually-named Plaintiffs Brittany Alexander and Mehki Alexander as your agents for purposes of the claims in this lawsuit. These plaintiffs have been involved in the lawsuit since its earliest phases and have knowledge and understanding of its claims and issues. They will be authorized to make decisions on your behalf concerning aspects of the lawsuit. By joining the lawsuit, the Plaintiffs' attorneys identified in Section 8 will become your attorneys, and you will be entitled to communicate with, provide input, and receive advice directly from them.

## 6.    YOUR RIGHT NOT TO PARTICIPATE

If you do not want to participate in this lawsuit and the claims that it asserts, you do not need to do anything. If you do nothing at all, you **will not** be a part of the lawsuit and you **will not** receive any money obtained through a judgment or settlement.

If you choose not to join, you will not be affected by any decisions, judgments, or settlement rendered with respect to the claims in this case, whether favorable or unfavorable. It is entirely your own decision to join this lawsuit.

## 7.    FURTHER INFORMATION

Further information about this lawsuit and/or the deadline for filing a "Consent to Join" may be obtained by writing, sending an email, or calling Plaintiffs' counsel (see Paragraph 8). If you send an email to info@mselaborlaw.com, please reference "Sugar Factory Lawsuit" in the subject line.

## 8.    YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by the Plaintiffs named in paragraph 5, through their attorneys, as counsel for the collective.  Plaintiffs' attorneys are:

Molly A. Elkin
Sarah M. Block
Rachel B. Lerner
MCGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W., Suite 1000
Washington, DC 20005
(202) 833-8855
mae@mselaborlaw.com
smb@mselaborlaw.com
rbl@mselaborlaw.com

Matt Bachop
DEATS, DURST & OWEN, P.L.L.C.

3

8140 N Mopac Expy., Suite 4-250
Austin, TX 78759
(512) 474-6200 x1005
mbachop@ddollaw.com

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRIT OF TEXAS. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES**

**<u>CONSENT TO JOIN</u>**

**CLAIMS FOR UNPAID AND IMPROPERLY PAID WAGES AND WITHHELD TIPS BROUGHT UNDER THE FLSA AGAINST SUGAR FACTORY, LLC AND SFX HOUSTON 88, LLC**

I hereby give my consent to become a party-plaintiff in an action to recover unpaid wages and forfeited tips under the Fair Labor Standards Act.

NAME _____

                Last Name                        First                    Middle

HOME ADDRESS   _____

                _____

                   City                 State              Zip Code

CELL PHONE _____   HOME PHONE _____

E-MAIL ADDDRESS _____

**SIGNATURE**   _____