# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| BRITTANY ALEXANDER, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUGAR FACTORY, LLC and SFX HOUSTON 88 LLC,<br><br>Defendants. | Civil Action No. 4:25-cv-9 |

**Declaration of Molly A. Elkin**

Pursuant to 28 U.S.C. § 1746, I, Molly A. Elkin, an attorney admitted *pro hac vice* to practice law before this Court, hereby affirm, under penalty of perjury, as follows:

1.        I am a named Partner at the law firm McGillivary Steele Elkin LLP, and along with Deats, Durst & Owen, PLLC, our firm is counsel for Plaintiffs in this case. The attorneys at McGillivary Steele Elkin LLP exclusively represent employees and unions and specialize in litigating multi-plaintiff wage and hour actions collective and class actions. I submit this declaration in support of Plaintiffs' request for attorneys' fees and costs in connection with Plaintiffs' Motion to Reopen Case and Order to Show Cause to Hold Defendants in Contempt.

2.        Between November 24, 2025, which is the first date Plaintiffs' counsel spent billable time attempting to obtain payment in accordance with this Court's Final Judgment (Dkt. 31), and March 25, 2026, McGillivary Steele Elkin LLP attorneys performed 19.3 hours of work in trying to obtain Defendants' compliance with the Final Judgment, and in preparing, drafting, and filing the Motion to Reopen. Hours were contemporaneously recorded on a tenth of an hour basis, and a breakdown of those hours, by attorney (or paralegal), is attached hereto as **Exhibit A.**

1

3.      All of the time and expenses set forth in this declaration have been, in fact, necessarily and reasonably expended in attempting to ensure compliance with the Final Judgment.

4.      Along with other MSE attorneys, I have significant experience litigating Fair Labor Standards Act ("FLSA") cases. Indeed, MSE attorneys have litigated over 500 FLSA collective actions and other wage actions nation-wide, and collected hundreds of millions of dollars for tens of thousands of hard-working employees in virtually every industry. I have over 30 years of civil litigation experience with a particular emphasis in wage and hour collective and class actions on behalf of employees in FLSA and other wage cases.

5.      I have served as lead counsel in over 100 FLSA court and arbitration cases. For example, I was lead counsel or co-lead counsel in the following multi-plaintiff lawsuits and collective and class actions involving enforcement of wage and hour laws: *Heckle v. Matrix,* Case No. 7:21-cv-1463 (VB)( S.D.N.Y.) (lead counsel in hybrid FLSA and New York law wage and hour case for involving claims of Short-Term Disability Benefits Examiners; $4,250,000.00 settlement approved as fair and reasonable on October 19, 2023); *Daniel v. 34 Floor Hospitality L.L.C., et al.,* C.A. No. 1:22-cv-969 (CKK)(D.D.C.) (lead counsel in FLSA and D.C. wage and hour case involving servers' claims for, inter alia, damages for unlawful tip pool; court approved $598,779 settlement on February 23, 2023); *Foster, et al. v. City of New York,* 14-cv-4142(PGG) (S.D.N.Y) (co-lead counsel in FLSA action involving off the clock and exemption defense for 1,199 Child Protective Service workers and supervisors; $43,900,000.00 settlement approved on December 28, 2021 as fair and reasonable); *Johnson et al, v. The Boeing Company*, 2:19-cv-597 (RSM)(W.D. Wash.)(Class Counsel in FLSA/Rule 23 hybrid exemption lawsuit involving staff analysts and project administrators resulting in $2,000,000.00 settlement); *Barbee et al. v. naviHealth,* 3:19-cv-119 (M.D. Tenn.) (Class Counsel in FLSA/Rule 23 hybrid exemption lawsuit

involving care management employees; settlement of $4,690,000.00 fund approved by Court) (Dkt. 102); *Perry, et al. v. New York City and the FDNY*, 1:13-cv-1015 (S.D.N.Y) (lead counsel in three-week jury trial in October 2019 involving the FLSA claims of 2,519 FDNY EMTs and Paramedics resulting in final judgment of over $19,000,000 following appeals); *Stephens, et al. v Farmers Restaurant Group, et al.*, 1:17-cv-1077 (D.D.C.) (Class Counsel in hybrid FLSA/Rule 23 action in minimum wage case for 119 FLSA Opt-in servers and 862 Rule 23 class members resulting in settlement of up to $1,490,000.00); *Lewis, et al. v. New York City Housing Authority*, 1:17-cv-01087-TJK (S.D.N.Y.) (FLSA collective action on behalf of 1,615 Caretakers who work as janitors and grounds keepers for NYCHA; settlement of $2,950,000.00 approved on July 27, 2018); *Johnson, et al. v. New York City Housing Authority*, 1:16-cv- 9924 (FLSA collective action on behalf of 89 Housing Exterminators; settlement of $360,000 approved by Court on January 19, 2018); *Brown v. New York City Housing Authority*, 1:16-cv-9263 (FLSA collective action on behalf of 856 Maintenance Workers and Heating Plant Technicians; settlement of $2,250,000 pending approval by Court); *Bland, et al., v. PNC Bank*, 2:15-cv-1042 (W.D. Pa.) (FLSA/Rule 23 wage and hour lawsuit for mortgage loan officers; $16,000,000 settlement approved by court in 2017); *Thompson, et al. v. DirecTV, et al.*, 3:07-cv-4112 (M.D. Tenn.) (FLSA collective action involving off the clock claims of 1,400 technicians who installed DirecTV satellite dishes and equipment; favorable settlement approved by court in 2016 following decisions on summary judgment); *Morrison v. Fairfax County, VA*, 1:14-cv-0005 (E.D. Va.)  (settlement approved by Court in 2016 for $7,850,000.00 following U.S. Court of Appeals for the Fourth Circuit ruling in plaintiffs' favor, holding that fire captains are first responders entitled to overtime pay); *Carson v. City of Los Angeles*, 2:15-cv-7057 (C.D. Cal.) (summary judgment in favor of EMS Supervisors, rejecting City's FLSA exemption defenses); *Abadeer, et al. v. Tyson*, C.A. No. 3:09-cv-00125

3

(M.D. Tenn.) (FLSA/Rule 23 hybrid for unpaid donning and doffing performed by hourly-paid meat processing workers at Tyson's Goodlettsville plant; $7,750,000.00 settlement following summary judgment rulings); *Gonzalez v. Wells Fargo*, 1:11-cv-02142 (D.N.J.) (wage and hour class action involving mortgage loan officers in New Jersey; $937,750.00 settlement); *Jordan v. IBP, Inc.*, Civil Action No. 3-02-01132 (M.D. Tenn.) (FLSA collective action involving donning and doffing claims for hourly paid workers in Tyson's Goodlettsville meat processing plant resulting in favorable settlement following summary judgment decisions); *Abrego, et al. v. United States*, 1:14 cv 445 (Fed. Cl.) (FLSA lawsuit for 764 border patrol agent canine handlers to recover wages for performing work while off the clock; settled); *Abad v. U.S.*, 14- 444C (Fed. Cl.) (FLSA off the clock case for over 6000 border patrol agents; settled for $80,000,000.00); *Poynton v. City of Waterbury*, 3:12-cv-00096 (D. Conn.) (FLSA case for fire fighters involving regular rate and other violations; settlement following discovery); *Parker v. City of New York*, 04-04476 (S.D.N.Y.) (FLSA case for workers in NYC juvenile detention centers; $3,000,000 settlement following discovery); *Astor v. United States*, 79 Fed. Cl. 303 (Fed. Cl.) (FLSA misclassification case involving firearms instructors working at FLETC; resulted in favorable settlement after summary judgment victory); and *Carton v. Sterling InfoSystems*, 1:10-cv-07827-RJS (S.D.N.Y.) (court-approved settlement for salespeople following minimal early discovery).

6.    I joined this law firm (formerly known as Mulholland & Hickey) as an Associate attorney in 1996 and became a Partner with the firm in January 2002.

7.    I am a 1993 honors graduate of George Washington University School of Law.

8.    I am a member in good standing of the bars of the Court of Appeals of Maryland (1993), the Court of Appeals for the District of Columbia (1996), the Supreme Court of Virginia (1997), as well as the U.S. Supreme Court (2000).  I am also a member of the bars of the United

4

States District Courts for the District of Columbia, Maryland, Colorado, Eastern District of Michigan, Eastern District of Virginia, the United States Court of Federal Claims, and the bars of seven Federal Courts of Appeal.

9.      I have spent a total of 2.9 hours in this litigation since November 24, 2025, at the rate of $500/hour for my services.

10.     Sarah M. Block joined the firm as an Associate in 2015 and became a Partner in January 2024. Ms. Block is a 2014 graduate of The George Washington University Law School, where she served as the Senior Articles Editor of The Federal Circuit Bar Journal. She also holds a B.A. in History (with honors) and Spanish, *summa cum laude*, from Bucknell University (2011). She is a member in good standing of the bars of the State of New York (2015) and the District of Columbia (2016), as well as of the bars for the U.S. District Courts for the District of Columbia, Southern District of New York, Eastern District of New York, Western District of New York, Northern District of New York, District of Colorado, the Court of Federal Claims, and the U.S. Courts of Appeals for the Second and the Federal Circuits. Ms. Block has significant experience representing employees and unions in nationwide FLSA, wage and hour, and first amendment litigation and arbitration. For example, during her tenure with the firm, Ms. Block has handled numerous multi-plaintiff class and collective actions, including but not limited to the following cases in which she served as co-counsel: *Perry et al. v. City of New York*, Case No. 13-01015 (S.D.N.Y.) (FLSA collective action involving off the clock and regular rate claims of over 2600 EMTs and Paramedics); *Clarke v. City of New York,* Case No. 1:23-cv-02158 (S.D.N.Y.) (FLSA collective action on behalf of 346 Urban Park Rangers, Associate Urban Park Rangers, and Associate Park Service Workers); *Casis v. City of New York,* Case No. 1:22-cv-01926 (S.D.N.Y.) (FLSA collective action on behalf of 173 Urban Park Rangers, Associate Urban Park Rangers, and

Associate Park Service Workers); *Moreno v. City of New York,* Case No. 1:22-cv-03358 (S.D.N.Y.) (FLSA action on behalf of nine NYPD Motor Vehicle Operators); *Kassel v. City of New York,* Case No. 1:23-cv-05211 (S.D.N.Y.) (FLSA action on behalf of NYPD Motor Vehicle Supervisors); *Heckle v. Matrix Absence Management, Inc.,* Case No. 7:21-cv-1463 (S.D.N.Y.) (hybrid FLSA/Rule 23 class action on behalf of over 200 disability and leave claims examiners); *Alexander v. United States,* Case No. 1:21-cv-01143 (Fed. Cl.) (FLSA action on behalf of 402 federal correctional officers at FCC Beaumont in Texas); *Fowler v. Medicine Man Techs.,* Case No. 1:23-cv-640 (D.N.M.) (hybrid FLSA/Rule 23 class action on behalf of 249 budtenders at retail dispensary locations in two states); *Stephens et al. v. Farmers Restaurant Grp.,* Case No. 1:17-cv-01087-TJK (D.D.C.) (hybrid FLSA/Rule 23 minimum wage and overtime action on behalf of over 350 restaurant servers and bartenders); *Coclough, et al. v. Whelan Security Mid Atlantic, LLC,* Case No. 2019 CA 004509 B (D.C. Sup. Ct.) (DCMRWA suit involving claims of off the clock work on behalf of Special Police Officers); *Collick et al. v. Universal Protection Service LLC, et al.,* Case No. 2018 CA 002462 B (D.C. Sup. Ct.) (DCMRWA class action involving claims of off the clock work of Special Police Officers). Since November 24, 2025, Ms. Block spent a total of 6.3 hours in this litigation at the rate of $400/hour for her services.

11.    Rachel Lerner has been an Associate attorney with the firm since June 2022, representing employees and unions in nationwide FLSA and state wage and hour cases. She also provides general legal advice on labor and employment issues. Ms. Lerner graduated from the George Washington University Law School in 2021. She also graduated with a B.S. in Industrial Engineering from Purdue University in 2017. Before joining the firm, Ms. Lerner clerked on the D.C Superior Court and the United States District Court for the District of Columbia. She is a member in good standing of bar of the District of Columbia, as well as the bars of the Court of

6

Federal Claims, the U.S. District Court for the District of Columbia, and the U.S. District Court for the Eastern District of Michigan. Since November 24, 2025, Ms. Lerner spent a total of 9.1 hours in the litigation, at a rate of $350/hour for her services.

12.    A summary of the hours of work and fees charged by this firm is set forth in **Exhibit A,** along with a breakdown of the services performed by each attorney, and Litigation Director Keith Nickerson, who performed interest calculations on the late payments, on a daily basis, recorded on the tenth of an hour basis. The total chargeable fees for the attorneys in this case from November 24, 2025, through March 25, 2026, is $7,375.00.

13.    The rates Plaintiffs' counsel used to calculate fees are consistent with rates that have been approved in this Court. *See, e.g.*, *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 385 (S.D. Tex. 2016) ($500 per hour is a reasonable rate for an attorney with over 21 years' experience specializing in employment litigation and complex multi-party litigation, including national class and collective actions under the FLSA; $300 per hour is reasonable for an associate with two years' experience); *Jane Rose/Rachel V. Rose v. BCE Technology Corp.*, 2014 WL 1322979, at *3 (S.D. Tex. Mar. 28, 2014) ("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."); *Chamberlain v. Waller County Asphalt Inc.*, 2023 WL 25380, at *3 (S.D. Tex. Jan. 3, 2023) (finding $300 an hour to be reasonable for attorneys with ten years of litigation experience).

14.    McGillivary Steele Elkin LLP also incurred $26.99 in out-of-pocket expenses and costs since November 24, 2025. A listing of Expenses is provided in **Exhibit A.**

I hereby affirm under penalty of perjury that the foregoing is true and correct.

March 25, 2026                                  */s/Molly A. Elkin*
                                               Molly A. Elkin

7

# Exhibit A



Alexander v. Sugar Factory
*Report Period: 11/24/2025 to 03/24/2026*

# Timekeeper Summary

Molly Elkin

| Year | Rate | Hours Worked | Amount |
|---|---|---|---|
| 2025 | 500 | 0.60 | $300.00 |
| 2026 | 500 | 2.30 | $1,150.00 |

**Sub Total:** $1,450.00

Sarah Block

| Year | Rate | Hours Worked | Amount |
|---|---|---|---|
| 2025 | 400 | 1.20 | $480.00 |
| 2026 | 400 | 5.10 | $2,040.00 |

**Sub Total:** $2,520.00

Rachel Lerner

| Year | Rate | Hours Worked | Amount |
|---|---|---|---|
| 2025 | 350 | 2.20 | $770.00 |
| 2026 | 350 | 6.90 | $2,415.00 |

**Sub Total:** $3,185.00

Keith Nickerson

| Year | Rate | Hours Worked | Amount |
|---|---|---|---|
| 2025 | 220 | 0.70 | $154.00 |
| 2026 | 220 | 0.30 | $66.00 |

**Sub Total:** $220.00

**Total:** $7,375.00

**Expenses:** $26.99

**Grand Total:** **$7,401.99**



| TIMEKEEPER | DATE | HOURS | DESCRIPTION |
|---|---|---|---|
| MAE | 11/24/2025 | 0.40 | Emails re payments |
| MAE | 12/9/2025 | 0.20 | Emails re payments |
| MAE | 1/15/2026 | 0.20 | Emails re payment |
| MAE | 1/29/2026 | 0.20 | Emails re interest and payment |
| MAE | 3/18/2026 | 0.20 | Email re need to remind counsel re payment |
| MAE | 3/19/2026 | 0.40 | Multiple emails re filing enforcement action |
| MAE | 3/23/2026 | 0.20 | Conference re what to file to enforce judgment |
| MAE | 3/24/2026 | 1.10 | Review and edit motion to reopen case for show cause order; emails with team re same; email re need for fee listing |
| SMB | 11/24/2025 | 0.40 | Correspondence re settlement payments with MAE and defense counsel |
| SMB | 12/2/2025 | 0.60 | Correspondence with plaintiff, office re check reissue; correspondence with defense counsel re check reissue request and installment payment |
| SMB | 12/3/2025 | 0.30 | Correspondence with plaintiff, defense counsel re check reissue |
| SMB | 12/9/2025 | 0.40 | Correspondence with plaintiff, defense counsel re payments |
| SMB | 12/17/2025 | 0.60 | Review interest calculation spreadsheet, draft and send email to defense counsel re payments |
| SMB | 12/19/2025 | 0.50 | Emails with office re check reissue requests, email defense counsel re check updates and new backpay check reissue request |
| SMB | 1/6/2026 | 0.20 | Correspondence with defense counsel re status of payments |
| SMB | 1/15/2026 | 0.30 | Correspondence with defense counsel, plaintiff and KAN re settlement check status |
| SMB | 1/20/2026 | 0.20 | Follow up with defense counsel re outstanding payments, next installment |

1



| TIMEKEEPER | DATE | HOURS | DESCRIPTION |
|---|---|---|---|
| SMB | 1/22/2026 | 0.20 | Correspondence re settlement check issues |
| SMB | 1/23/2026 | 0.40 | Follow up with defense counsel re payments; correspondence with plaintiff re backpay check status |
| SMB | 1/29/2026 | 0.40 | Follow up correspondence with defense counsel re payments; correspondence with KAN re interest spreadsheet and review same |
| SMB | 2/13/2026 | 0.40 | Calculate additional interest owed and related correspondence with defense counsel re settlement payments outstanding |
| SMB | 2/18/2026 | 0.20 | Follow up with defense counsel via email re outstanding payments |
| SMB | 2/19/2026 | 0.20 | Correspondence with plaintiff re status of backpay check reissue |
| SMB | 2/26/2026 | 0.30 | Correspondence with defense counsel re unpaid settlement amounts, potential motion to enforce settlement |
| SMB | 3/3/2026 | 0.40 | Recalculate interest owed and correspondence with defense counsel re status of settlement payments; correspondence with plaintiff re status of outstanding backpay reissue |
| SMB | 3/18/2026 | 0.20 | Send follow up email to defense counsel re outstanding payments, potential motion to enforce |
| SMB | 3/19/2026 | 0.60 | Office emails and correspondence with defense counsel re missing settlement payments, motion to enforce |
| SMB | 3/23/2026 | 0.60 | Edit draft motion to enforce and related office conferences re strategy |
| SMB | 3/24/2026 | 0.50 | Edit revised motion to reopen and to show cause and draft proposed email to defense counsel re position on motion |
| RBL | 12/2/2025 | 0.20 | Emails re check and settlement payment |
| RBL | 12/9/2025 | 0.20 | Emails re check reissue |



| TIMEKEEPER | DATE | HOURS | DESCRIPTION |
|---|---|---|---|
| RBL | 12/17/2025 | 0.20 | Emails re payments |
| RBL | 12/19/2025 | 0.60 | Talk with Tea Smyer about checks; emails re missing checks |
| RBL | 1/15/2026 | 0.20 | Call with plaintiff about check |
| RBL | 1/29/2026 | 0.20 | Emails re payment and interest accruing |
| RBL | 2/27/2026 | 1.00 | Research motion to enforce settlement |
| RBL | 3/19/2026 | 1.80 | Emails re enforcing settlement and judgment and draft motion to enforce settlement |
| RBL | 3/20/2026 | 0.60 | Draft motion to enforce judgment and settlement |
| RBL | 3/23/2026 | 2.40 | Edit motion to reopen case to enforce judgment and settlement; discuss enforcement with SMB, MAE; research how to enforce judgment |
| RBL | 3/24/2026 | 0.70 | Draft revised motion to reopen case and show cause; draft declaration |
| KAN | 12/15/2025 | 0.40 | Prepare interest calculation for unpaid amounts |
| KAN | 12/19/2025 | 0.30 | Prepare information for reissued checks |
| KAN | 1/29/2026 | 0.30 | Prepare revised interest calculations |



Sugar Factory

### Expenses Incurred
*11/24/2025 to 03/24/2026*

| | |
|---|---|
| Legal Research | $26.99 |
| | **$26.99** |